STATE OF MICHIGAN
98TH LEGISLATURE
REGULAR SESSION OF 2016

**Introduced by Senator Schuitmaker**

# ENROLLED SENATE BILL No. 490

AN ACT to amend 1988 PA 378, entitled "An act to preserve personal privacy with respect to the purchase, rental, or borrowing of certain materials; and to provide penalties and remedies for violation of this act," by amending sections 1, 2, 3, 4, and 5 (MCL 445.1711, 445.1712, 445.1713, 445.1714, and 445.1715), section 5 as added by 1989 PA 206.

*The People of the State of Michigan enact:*

Sec. 1. As used in this act:

(a) "Customer" means an individual who purchases, rents, or borrows a book, other written material, a sound recording, or a video recording.

(b) "Employee" means an individual who works for an employer in exchange for wages or other remuneration.

(c) "Employer" means a person that has 1 or more employees.

(d) "Ordinary course of business" means activities related to the sale, rental, or lending of, or advertising in, materials described in section 2.

(e) "Written" includes any electronic means using the Internet or otherwise authorized under the uniform electronic transactions act, 2000 PA 305, MCL 450.831 to 450.849.

Sec. 2. (1) Subject to subsection (2) and except as provided in section 3 or as otherwise provided by law, a person, or an employee or agent of the person, engaged in the business of selling at retail, renting, or lending books or other written materials, sound recordings, or video recordings shall not knowingly disclose to any person, other than the customer, a record or information that personally identifies the customer as having purchased, leased, rented, or borrowed those materials from the person engaged in the business.

(2) This section does not apply to the disclosure of a record or information that has been aggregated or has been processed in a manner designed to prevent its association with an identifiable customer.

Sec. 3. A record or information described in section 2 may be disclosed only in 1 or more of the following circumstances:

(a) With the written permission of the customer.

(b) Pursuant to a warrant or court order.

(c) To the extent reasonably necessary to collect payment for the materials or the rental of the materials, if the customer has received written notice that the payment is due and has failed to pay or arrange for payment within a reasonable time after notice.

(d) To any person if the disclosure is incident to the ordinary course of business of the person that is disclosing the record or information. This subdivision only applies to a record or information that is created or obtained after the effective date of the amendatory act that added this subdivision.

(e) If the disclosure is for the purpose of marketing goods and services to customers. All of the following apply for purposes of this subdivision:

(*i*) The person that is disclosing the information shall inform the customer by written notice that the customer may remove his or her name at any time and shall specify the manner or manners by which the customer may remove his or her name. Unless the person's method of communication with customers is by electronic means, the written notice shall include a nonelectronic method that the customer may use to opt out of disclosure. Any of the following methods of notice satisfy the written notice requirements of this subparagraph:

(A) Written notice included in or with any materials sold, rented, or lent to the customer under section 2.

(B) Written notice provided to the customer at the time he or she orders any of the materials described in section 2 or otherwise provided to the customer in connection with the transaction between the person and customer for the sale, rental, or loan of the materials to the customer.

(C) Notice that is included and clearly and conspicuously disclosed in an online privacy policy or similar communication that is posted on the Internet, is maintained by the person that is disclosing the information, and is available to customers or the general public.

(*ii*) A customer may provide notice to the person that is disclosing information under this subdivision that the customer does not want his or her name disclosed.

(*iii*) Beginning 30 days after the person receives the customer's notice, the person shall not knowingly disclose the customer's name to any other person for marketing goods and services.

(f) Pursuant to a search warrant issued by a state or federal court or a grand jury subpoena.

Sec. 4. A person that violates this act is guilty of a misdemeanor.

Sec. 5. (1) Regardless of any criminal prosecution for the violation, a person that violates this act may be liable in a civil action for damages to a customer under subsection (2).

(2) A customer described in subsection (1) who suffers actual damages as a result of a violation of this act may bring a civil action against the person that violated this act and may recover both of the following:

(a) The customer's actual damages, including damages for emotional distress.

(b) Reasonable costs and attorney fees.

(3) No liability may result from the lawful disclosure of a record or information that is permitted under section 3.

Enacting section 1. This amendatory act takes effect 90 days after the date it is enacted into law.

Enacting section 2. This amendatory act is curative and intended to clarify that the prohibitions on disclosing information contained in 1988 PA 378, MCL 445.1711 to 445.1715, do not prohibit disclosing information if it is incident to the ordinary course of business of the person disclosing the information, including marketing goods and services to customers or potential customers when written notice is provided, and that a civil action for a violation of those prohibitions may only be brought by a customer who has suffered actual damages as a result of the violation.

This act is ordered to take immediate effect.

_____
Secretary of the Senate

_____
Clerk of the House of Representatives

Approved _____

_____
Governor