UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/24/18

ELIZABETH MOELLER, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ADVANCE MAGAZINE PUBLISHERS, INC. d/b/a CONDÉ NAST,

Defendant.

Civil Action No. 15-cv-05671-NRB

### [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVE, APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN

WHEREAS, a class action is pending before the Court entitled *Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast*, No. 1:15-cv-05671-NRB; and

WHEREAS, Plaintiff Elizabeth Moeller and Defendant Advance Magazine Publishers, Inc. d/b/a Condé Nast, have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached to;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. The Parties have moved the Court for an order approving the settlement of the

Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 5 of this Order.

3. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action.

4. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal.  The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

**Final Approval Hearing**

5. The Final Approval Hearing shall be held before this Court on **February 28,**

**2019, at 11:00 A.M.** in Courtroom 21A at Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs, and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representative. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

6. Class Counsel shall file papers in support of their Fee Award and Class Representatives' Incentive Awards (collectively, the "Fee Petition") with the Court on or before **December 20, 2018**. Defendant may, but is not required to, file a response to Class Counsel's Fee Petition with the Court on or before **January 31, 2019**. Class Counsel may file a reply in support of their Fee Petition with the Court on or before **February 11, 2019**.

7. Papers in support of final approval of the Settlement Agreement and any supplementation to the Fee Petition shall be filed with the Court on or before **February 11, 2019**.

**Certification of the Settlement Class**

8. For purposes of settlement only: (a) Bursor & Fisher, P.A. is appointed Class Counsel for the Settlement Class; and (b) Elizabeth Moeller is named Class Representative. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiff Moeller will adequately protect the interests of the Settlement Class defined below.

9. For purposes of settlement only, the Court conditionally certifies the following

Settlement Class as defined in the Settlement Agreement:

> [A]ll Persons with a Michigan street address who subscribed to a Condé Nast Publication to be delivered to a Michigan street address between July 20, 2009 and July 30, 2016.

10. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 5 above, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class (*e,g.*, whether Defendant unlawfully disclosed to third parties Plaintiff's and the Settlement Class's Subscriber Information without consent in a manner that violated the Michigan Preservation of Personal Privacy Act, M.C.L. §§ 445.1712, *et al.* ("PPPA"), and whether Plaintiff and the Settlement Class members are entitled to uniform statutory damages under the PPPA); the claims of the Class Representative are typical of the claims of the members of the Settlement Class; the Class Representative and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

11. If the Settlement Agreement does not receive the Court's final approval, or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of settlement class certification shall be vacated, and the Class Representative will once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement

shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

12. The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B, C, and D thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The Parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

13. The Court approves the request for the appointment of JND Legal Administration as Settlement Administrator of the Settlement Agreement.

14. Pursuant to paragraph 4.1 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice and Claim Form on the Settlement Website and to send direct notice via U.S. Mail and email in accordance with the Notice Plan called for by the Settlement Agreement. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement and allow for the filing of claims online.

**Submission of Claims and Requests for Exclusion from Class**

15.     Members of the Class who wish to receive benefits under the Settlement Agreement must complete and submit a timely and valid Claim Form(s) in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator within forty-five (45) days after the date of the entry of the Final Judgment.

16.     Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or "opt out" from the Class. Any such person may do so if, on or before the Objection/Exclusion Deadline of **January 26, 2019** they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

17.     Any members of the Settlement Class who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the Settlement Class member's name and address, the name of the Condé Nast Publication to which he or she is a subscriber, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of this Settlement. Each request for exclusion must be submitted individually. So called "mass" or "class" opt-outs shall not be allowed.

18.     Individuals who opt out of the Class relinquish all rights to benefits under the Settlement Agreement and will not release their claims. However, members of the Settlement

Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

**Appearances and Objections**

19. At least twenty-one (21) calendar days before the Settlement Hearing, any person who falls within the definition of the Settlement Class and who does not request exclusion from the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

20. Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representatives as set forth in the Notice and Settlement Agreement. At least thirty (30) days prior to the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the court and posted to the settlement website. Members of the Class may object on their own, or may do so through separate counsel at their own expense.

21. To object, members of the Class must sign and file a written objection no later than on or before the Objection/Exclusion Deadline of **January 26, 2019**. To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, and include his or her name and address; an explanation of the basis upon which he or she claims to be a Settlement Class Member, including the Condé Nast Publication to which he

or she is or was a subscriber; a signature; all grounds for the objection, including all citations to legal authority and evidence supporting the objection; the name and contact information of any and all attorneys representing, advising, or in any way assisting him or her in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and a statement indicating whether he or she intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with Southern District of New York Local Rules). If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption.

22. Members of the Class who fail to file and serve timely written objections in compliance with the requirements of this paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 5, above, *i.e.* (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representative..

23. To be valid, objections must be filed with the Court and sent to the following: Class Counsel Scott A. Bursor of Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY

10019; and Defendant Condé Nast's Counsel Natalie J. Spears, Dentons US LLP, 233 South Wacker Drive, Suite 5900, Chicago, IL 60606. In addition, any objections made by a Class member represented by counsel must be filed through the Court's CM/ECF system.

**Further Matters**

24. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

25. Members of the Settlement Class shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

26. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

27. Any Settlement Class Member who does not timely and validly submit a claim: (a) shall be forever barred from participating in any distributions of the Settlement Fund; (b) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (c) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a

representative capacity, that is based upon or arises out of any or all of the Released Claims against any of the Defendant and the other Released Parties, as more fully described in the Settlement Agreement.

28. If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

29. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the

provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

IT IS SO ORDERED, this 24th day of October, 2018.

The Honorable Naomi Reice Buchwald
United States District Judge