**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __3/6/19__

---

ELIZABETH MOELLER, individually and on behalf
of all others similarly situated,

                    Plaintiff,

      v.

ADVANCE MAGAZINE PUBLISHERS, INC. d/b/a
CONDÉ NAST

                  Defendant.

Civil Action No. 15-cv-05671-NRB

---

## [PROPOSED] FINAL JUDGMENT AND
## ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, a class action is pending before the Court entitled *Moeller v. Advance*

*Magazine Publishers, Inc. d/b/a Condé Nast*, No. 1:15-cv-05671-NRB; and

WHEREAS, Plaintiff Elizabeth Moeller and Defendant Advance Magazine Publishers,

Inc. d/b/a Condé Nast have entered into a Class Action Settlement Agreement, which, together

with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement

and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set

forth therein (the "Settlement Agreement") (Dkt. 123-1); and

WHEREAS, on October 24, 2018, the Court granted Plaintiff's Motion for Preliminary

Approval of Class Action Settlement, conditionally certifying a Class pursuant to Fed. R. Civ. P.

23(b)(3) of "all Persons with a Michigan street address who subscribed to a Condé Nast

Publication to be delivered to a Michigan street address between July 20, 2009 and July 30,

2016." (Dkt. 130 ¶ 9); and

WHEREAS, the Court has considered the Parties' Class Action Settlement Agreement

(Dkt. 123-1), as well as Plaintiff's Motion for Final Approval of the Settlement Agreement

(Dkt. 137), Plaintiff's Motion for Attorneys' Fees, Costs, Expenses, And Incentive Award

(Dkt. 132), together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on February 28, 2019, and the record in the Action, and good cause appearing;

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class members.

3.      The notice provided to the Settlement Class pursuant to the Settlement Agreement (Dkt. 123-1) and order granting Preliminary Approval (Dkt. 130) – including (i) direct notice to the Settlement Class via email and U.S. mail, based on the comprehensive Settlement Class List provided by Defendant, and (ii) the creation of the Settlement Website – fully complied with the requirements of Fed. R. Civ. P. 23 and due process, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.

4.      Four individuals – Linda Freeman, Irene Prosser, Tiffany Ribble, and Johnny Sherman – have submitted timely requests for exclusion and are therefore excluded from the Settlement Class.

5.      The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice, and finds that it complied with all applicable requirements of CAFA. Further, more than

2

ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final
Approval Hearing.

6.    This Court now gives final approval to the Settlement Agreement, and finds that
the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement
Class. The settlement consideration provided under the Settlement Agreement constitutes fair
value given in exchange for the release of the Released Claims against the Released Parties. The
Court finds that the consideration to be paid to members of the Settlement Class is reasonable,
and in the best interests of the Settlement Class Members, considering the total value of their
claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) affirmative
defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing
litigation on the merits. The complex legal and factual posture of this case, the amount of
discovery completed, and the fact that the Settlement is the result of arms'-length negotiations
between the Parties support this finding. The Court finds that these facts, in addition to the
Court's observations throughout the litigation, demonstrate that there was no collusion present in
the reaching of the Settlement Agreement, implicit or otherwise.

7.    The Court has specifically considered the factors relevant to class action
settlement approval, including:

> (1) the complexity, expense and likely duration of the litigation;
> (2) the reaction of the class to the settlement; (3) the stage of the
> proceedings and the amount of discovery completed; (4) the risks
> of establishing liability; (5) the risks of establishing damages; (6)
> the risks of maintaining the class action through trial; (7) the
> ability of defendants to withstand a greater judgment; (8) the range
> of reasonableness of the settlement fund in light of the best
> possible recovery; and (9) the range of reasonableness of the
> settlement fund to a possible recovery in light of all the attendant
> risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974); *see also* Fed. R. Civ. P. 23(e).

3

8.     The Court finds that the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement.

9.     Accordingly, the Settlement is hereby finally approved in all respects.

10.    The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

11.    This Court hereby dismisses the Action, as identified in the Settlement Agreement, on the merits and with prejudice.

12.    Upon the Effective Date of this Final Judgment, Plaintiff and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or not such members submit claims), including such individuals' respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations shall be deemed to have released Defendant, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives,

4

successors in interest, assigns and companies, firms, trusts, and corporations from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined in the Settlement Agreement), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the PPPA or other federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' Michigan Subscriber Information, including all claims that were brought or could have been brought in the Action.

13.     Upon the Effective Date of this Final Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

14.     The Court has also considered Plaintiff's Motion For Attorneys' Fees, Costs, Expenses, And Incentive Award, as well as the supporting memorandum of law and declarations (Dkts. 132-136), and adjudges that the payment of attorneys' fees, costs, and expenses in the

*4,158,084.46*

amount of $4,910,417.79 is reasonable in light of the multi-factor test used to evaluate fee

5

awards in the Second Circuit. *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

15.     The Court has also considered Plaintiff's Motion, memorandum of law, and supporting declarations for an incentive award to the Class Representative, Elizabeth Moeller. *See* Dkt. 135 at 24-25. The Court adjudges that the payment of an incentive award in the amount of $10,000 to Ms. Moeller to compensate her for her efforts and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this case. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

16.     All payments made to Settlement Class Members pursuant to the Settlement Agreement that are not cashed within one hundred and eighty (180) days of issuance shall revert to the Michigan Bar Association's Access to Justice Fund, which the Court approves as an appropriate *cy pres* recipient. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

17.     The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit the rights of Settlement Class Members.

18.     Without affecting the finality of this Final Judgment for purposes of appeal, until the Effective Date the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement.

6

19.     This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of

Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of

enforcement or appeal of this Final Judgment.

IT IS SO ORDERED, this ___6th___ day of ___March___, 2019.

The Honorable Naomi Reice Buchwald
United States District Judge

7